UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME TORRES,<br><br>    Petitioner,<br><br>    v.<br><br>SUZANNE M. PEERY, Warden,[1]<br><br>    Respondent. | No. 2:14-cv-02446 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

    Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. This action proceeds on petitioner's original petition filed October 20, 2014. See ECF No. 1.

    Pending before the court is respondent's motion to dismiss on the ground that petitioner commenced this action before obtaining a final judgment. ECF No. 11. Petitioner did not file an opposition to respondent's motion but instead filed a motion to stay, which is also before the

---

[1] Suzanne M. Peery, Acting Warden of High Desert State Prison, is substituted as respondent herein. A federal petition for writ of habeas corpus must name as respondent the state officer having custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254 Cases; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Fed. R. Civ. P. 25(d) (automatic substitution of public officer's successor in pending action).

1

1 court.  ECF No. 16.

2     For the reasons that follow, the undersigned recommends that petitioner's motion to stay

3 be denied, respondent's motion to dismiss be granted, and this action be dismissed without

4 prejudice.

5   II.      Chronology

6     1.  On September 15, 2011, petitioner was convicted of first degree murder; an

7 enhancement for associated gang activity was found to be true.  On October 14, 2011, petitioner

8 was sentenced to an indeterminate state prison term of fifty-years-to-life.  See Lodged Doc. 1.

9     2.  Petitioner and one of his codefendants appealed.  Petitioner's claims included the

10 alleged ineffective assistance of his trial counsel (IAC claim).  On February 18, 2014, the

11 California Court of Appeal for the Third Appellate District reversed the first degree murder

12 convictions of petitioner and his codefendant, based on a finding of erroneous jury instructions,

13 and "remanded for retrial unless the People accept reduction of the convictions to second degree

14 murder."  Lodged Doc. 2.

15     3.  On March 25, 2014, petitioner sought review in the California Supreme Court based on

16 his IAC claim.  Lodged Doc. 3.  On June 18, 2014, the California Supreme Court denied review.

17 Lodged Doc. 4.

18     4.  On September 22, 2014, the Sacramento County Superior Court reduced petitioner's

19 conviction to second degree murder, finding true an enhancement for related gang activity, and

20 resentenced petitioner to an indeterminate state prison term of forty-years-to-life.  Lodged Doc. 5

21 (Amended Abstract of Judgment dated October 22, 2014).

22     5.  On December 19, 2014, petitioner appealed to the California Court of Appeal, Third

23 Appellate District.  Review of that court's docket indicates that petitioner is represented by

24 appointed counsel.  Respondent avers, and the docket indicates that, as of June 29, 2015, the

25 appeal was fully briefed.  As of this writing, the appeal remains pending and no decision has been

26 rendered.[2]

---

[2]  See http://www.courts.ca.gov/ (see "Search Case Information" feature on the California Courts'
(continued…)

2

6. Meanwhile, on October 10, 2014, petitioner filed his federal habeas petition. See ECF No. 1.

### III. Pending Motions

Respondent moves to dismiss this action as premature on the ground that petitioner's challenge to his conviction and resentencing remains pending in the California Court of Appeal, and hence petitioner has not exhausted his state court remedies as required under 28 U.S.C. § 2254. Respondent contends that dismissal is also required under the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37 (1971),

Petitioner moves to stay this action under Rhines v. Weber, 544 U.S. 269 (2005), to preserve the ability to combine his exhausted IAC claim with petitioner's new claims currently pending in the state courts.

### IV. Legal Standards

#### A. Exhaustion of State Court Remedies

The exhaustion of available state remedies is a prerequisite to a district court's jurisdiction to consider claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all of his claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The exhaustion "requirement serves to minimize friction between federal and state courts by allowing the state an initial opportunity to pass upon and correct alleged violations of a petitioner's federal rights, and to foster increased state court familiarity with federal law." Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). In this manner, the exhaustion requirement is a matter of federal-state comity rather than jurisdiction. See Granberry v. Greer, 481 U.S. 129 (1987).

---

website). This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned). See also Respondent's Exhibit A, ECF No. 11-1 at 2.

B. A Rhines Stay

A "mixed" petition, containing both exhausted and unexhausted claims, may be stayed under Rhines when petitioner demonstrates good cause for failing to exhaust his new claims, has not been intentionally dilatory, and his unexhausted claims are not "plainly meritless." Rhines, 544 U.S. at 277-78.

C. Younger Abstention

Under the abstention doctrine set forth in Younger v. Harris, supra, 401 U.S. 37, federal courts are prohibited from hearing claims where the following factors are satisfied: (1) "a state-initiated proceeding is ongoing;" (2) that proceeding "implicates important state interests;" (3) "the federal litigant is not barred from litigating federal constitutional issues in that proceeding;" and (4) the federal court's disposition of the matter would "enjoin the [state court] proceeding, or have the practical effect of doing so." AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007) (quoting Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004).

V.     Analysis

The instant federal petition was prematurely filed because there is no final judgment. This court's jurisdiction to review the merits of a habeas petition commences, in pertinent part, on "the date on which the judgment became final by the conclusion of direct review[.]" 28 U.S.C. § 2244(d)(1)(A). "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). Hence, this court is without jurisdiction to consider petitioner's habeas petition until both his conviction *and* sentence become final. Burton, 549 U.S. at 156-57 (emphasis in original).

The petition is also premature because petitioner has not yet completed the process of exhausting his state remedies. This court is without jurisdiction to consider federal habeas claims that have not been exhausted in the state courts. See 28 U.S.C. § 2254(b)(1); see also Daniels v. Nelson, 415 F.2d 323, 323 (9th Cir. 1969) ("habeas petition, filed while [petitioner's] state appeal was pending, is premature").

A stay is appropriate under Rhines only for "mixed" petitions, i.e. those containing both

exhausted and unexhausted claims, which the instant petition is not.  Because petitioner's conviction and sentence are not final, and his petition was prematurely filed, petitioner cannot obtain a stay of his exhausted claim.  However, petitioner need not stay his currently exhausted claim in order to preserve it.  "When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."  Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).  Thus, petitioner may include his presently exhausted claim in a new habeas petition that includes all of his exhausted claims after his conviction and sentence are final.

Finally, due to the undisputed pendency of petitioner's direct criminal appeal in the California Court of Appeal, all of the factors requiring Younger abstention are met.  See Roden, supra, 495 F.3d at 1149.  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.  Apparent finality of one issue is not enough."  Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).  Petitioner does not assert that extraordinary circumstances entitle him to any exception from this rule.

For these several reasons, petitioner's motion to stay must be denied, and respondent's motion to dismiss granted.  This action should be dismissed without prejudice to petitioner filing a new habeas petition following the exhaustion of his state court remedies.

VI. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay, ECF No. 16, be denied;

2. Respondent's motion to dismiss, ECF No. 11, be granted; and

3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after service of these findings and recommendations, any party may file written objections with

1 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
2 Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be
3 filed and served within seven days after service of the objections.  The parties are advised that
4 failure to file objections within the specified time may waive the right to appeal the District
5 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6 DATED: October 21, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE